No. 9922.

## POWERS v. THE STATE.

CRIMINAL LAW.—*Murder.*—*Indictment.*—Under the code an indictment for murder describes sufficiently the manner of the killing, which shows that it was done by "striking, cutting, bruising, and mortally wounding with a stone."

Powers v. The State.

SAME.—*Absent Witness.—Evidence.—Postponement.—Admission.—Impeachment. —Practice.*—In order to avoid a postponement at the request of the defendant, to procure the testimony of an absent witness, the prosecutor must admit the truth of the facts stated in the affidavit, and, in such case, evidence in rebuttal to impeach the absent witness is incompetent and inadmissible.

From the Madison Circuit Court.

*W. R. Pierse, C. B. Gerard, W. R. Myers* and *D. W. Wood,* for appellant.

*D. P. Baldwin,* Attorney General, *W. W. Thornton* and *W. A. Kittinger,* for the State.

WOODS, J.—Indictment against the appellant in three counts for murder in the first degree; trial; conviction of manslaughter, and sentence to the State prison for ten years.

The appellant moved to quash each count of the indictment, and insists that each is defective, because it does not describe with sufficient clearness and particularity the manner of the killing; " that the offence is not set forth in plain, concise language, and is not substantially a statement of murder at common law."

As it is conceded that the counts do not differ materially, a reference to one of them will be sufficient.

In the first the charge is, " That James D. Powers on the ninth day of July, A. D. 1881, at said county and State, then and there did feloniously, purposely and with premeditated malice, unlawfully and feloniously kill and murder William Hougham, by then and there feloniously, purposely and with premeditated malice, unlawfully and feloniously striking, cutting, bruising and mortally wounding the said William Hougham with a stone which he the said James D. Powers then and there had, and threw at and against said William Hougham."

The cases cited by the appellant in this connection are *Dias* v. *The State,* 7 Blackf. 20; *Dillon* v. *The State,* 9 Ind. 408; *Shepherd* v. *The State,* 54 Ind. 25.

Excepting the last case, which is clearly distinguishable

from the one before us, these cases were commented on in *Jones* v. *The State*, 35 Ind. 122, wherein it is held to be " unnecessary under the code to allege in an indictment for murder the part of the person on which the wound was inflicted," and that " the particulars with reference to the wound, and also the part of the person on which it was inflicted, are proper matters of evidence under the more general allegations of the indictment." See, also, *West* v. *The State*, 48 Ind. 483.

There was no error in the ruling upon the motion to quash.

The appellant also complains of the overruling of his motion for a new trial. The causes stated in the motion are numerous, but for the most part present questions which are not essentially new or difficult, and, as they may not arise again, we deem it proper to omit a particular statement of them. In one respect it is clear that the court committed an error, for which the judgment must be reversed.

During the progress of the trial the defendant moved for a postponement, for the purpose of obtaining the testimony of an absent witness, stating in his affidavit what he expected to prove, and showing that proper steps had been taken to procure the witness' attendance, etc.

Thereupon, without making any objection to the sufficiency of the showing, the counsel for the State said : " We will admit, under the form of the law governing such cases, that the witness would testify if he were present as stated in the affidavit;" and the affidavit was accordingly read in evidence to the jury. In rebuttal the State introduced a witness by whom it was proposed to prove the character of the said absent witness in the neighborhood where he resided. To this the defendant objected that it was irrelevant, incompetent and immaterial. The court overruled the objection ; the defendant excepted, and thereupon the witness was permitted, in answer to further questions, to state that the character of said absent witness was not good.

In admitting this testimony the court acted upon the rule which prevails in reference to civil causes. The rule in crim-

inal trials in respect to continuances or postponements, in order to obtain the testimony of a witness, is different. The language of the provision on the subject is as follows: "If, thereupon" (that is, upon the filing of the affidavit and motion), "the prosecuting attorney will admit the truth of the facts which the defendant, in his affidavit for a continuance, alleges that he can prove by the absent witness, or by the written or documentary evidence therein specified and described, the trial shall not be postponed for that cause." R. S. 1881, section 1781. The facts stated in the affidavit of the defendant having been admitted as true, for so the admission made must be construed, any testimony concerning the character or credibility of the proposed witness, by whom the facts were to have been proved, was clearly irrelevant and incompetent.

The facts stated in the affidavit were of an important character, and, if accepted as true by the jury, could not but have had great weight in favor of the defendant. We can not say, therefore, as we are asked to say, that the ruling was harmless.

The judgment of the circuit court is reversed, and the cause remanded, with instructions to grant a new trial; and for this purpose the clerk will issue the proper notice for the return of the appellant to the custody of the sheriff of Madison county.