TORPHY v. STATE OF INDIANA.

[No. 23,349.   Filed January 28, 1919.]

1. CRIMINAL LAW.—*Continuance.*—*Absent Witnesses.*—*Prosecutor's Admission.*—In a prosecution under §8351 Burns 1914, Acts 1907 p. 689, the statement, in the defendant's legally sufficient affidavit for continuance, that absent witnesses would testify that no illegal sales of intoxicating liquors were made at the time alleged by the state, was the statement of a material and relevant fact, and, on the refusal of the prosecuting attorney to admit the truth thereof, it was error to refuse a continuance, in view of §2089 Burns 1914, Acts 1905 pp. 584, 631.   p. 33.

Torphy *v.* State—188 Ind. 30.

2.   CRIMINAL LAW.—*Absent Witnesses.* — *Continuance.* — *Discretion.*—Where the defendant filed a legally sufficient affidavit for a continuance, on account of the absence of witnesses, under §2089 Burns 1914, Acts 1905 pp. 584, 631, and the prosecuting attorney refused to admit all the material and relevant facts that the defendant alleged that he could prove by the absent witnesses, the court had no discretion in the matter, as the defendant was entitled to a continuance as a matter of right, a partial admission of such facts being insufficient.   (*Detro* v. *State,* 4 Ind. 200; *Connors* v. *State,* 183 Ind. 618, distinguished.) p. 35.

From the Monroe Circuit Court; *Robert W. Miers,* Judge.

Prosecution by the State of Indiana against David Torphy.   From a judgment of conviction, the defendant appeals.   *Reversed.*

*Robert L. Mellen* and *John P. O'Donnell,* for appellant.

*Ele Stansbury,* Attorney-General, *Elmer E. Hastings* and *Dale F. Stansbury,* for the state.

WILLOUGHBY, J.—Appellant was convicted of the violation of §8351 Burns 1914, Acts 1907 p. 689, and has appealed from the judgment of the circuit court on the grounds:   (1) That the court erred in refusing to grant a continuance of the cause; and (2) that appellant's motion for a new trial should have been sustained.

The latter motion contains numerous specifications, but those which are relied upon principally relate directly or indirectly to the ruling on the motion for a continuance.   In his affidavit filed in support of that motion, appellant names five persons whose attendance at court on the day fixed for trial could not then be had on account of their absence from the state, and in one instance on account of severe illness.

The indictment charges appellant with unlawfully keeping, running and operating a place in Lawrence county, Indiana, where intoxicating liquors were sold,

bartered and given away in violation of the laws of the State of Indiana, and that he was then and there found unlawfully in possession of intoxicating liquor for the unlawful purpose of selling, bartering and giving away the same in violation of the laws of said state; and in his affidavit appellant says: "That the defendant herein is charged with keeping, running and operating a place in Lawrence County, Indiana, where intoxicating liquors were sold, bartered and given away in violation of the laws of the State of Indiana, the charge having been filed on the 26th day of September, 1916; that the state will claim in the trial of said cause that said defendant had charge of the Ketcham Building on Sixteenth Street in the City of Bedford at the times covered by said charge and kept intoxicating liquors therein for unlawful purposes and sold and bartered the same in violation of the law, and that numerous raids were made thereon by the officers of the City of Bedford and will have, as this affiant is informed, three witnesses who will swear that they purchased intoxicating liquors therein at such times of defendant. Deponent further says that each of said absent witnesses will testify that they have been in and about said building during the times fixed by the state almost every day during the said period and that they saw no intoxicating liquors therein so kept for illegal purposes, and that they saw no intoxicating liquors sold therein by said defendant during said period. *Said witnesses will further testify that they were in said building at the time the state's witnesses claimed to have purchased intoxicating liquors and will testify that they did so purchase intoxicating liquors of said defendant and that no such purchases were made.*"

To avoid a continuance, the prosecuting attorney admitted as true all of appellant's affidavit except that portion thereof which we have set out in italics, where-

upon the motion was overruled. Appellant now earnestly insists that where, in a criminal prosecution, the defendant files a sufficient affidavit in support of his motion for a continuance, the state must admit *all* the facts which the defendant claims he can prove by absent witnesses in order to avoid the continuance.

When the defendant has made a proper affidavit for continuance on account of the absence of witnesses, the prosecuting attorney must, if he desires to prevent the continuance of the cause, admit the truth of the facts which the defendant in his affidavit for a continuance alleges that he can prove by the absent witnesses. §2089 Burns 1914, Acts 1905 p. 584, 631. This means that he shall admit all the material facts relevant to the issues which in his affidavit he alleges he can prove by the absent witnesses. The statement that "said witnesses will further testify that they were in said building at the time the state's witnesses claimed to have purchased intoxicating liquors and will testify that they did so purchase intoxicating liquors of said defendant and that no such purchases were made" is a statement of fact material and relevant to the issues. If no sale was made, as said statement alleges, that would be some evidence favorable to appellant tending to show his innocence of the charge upon which he was being tried. The witnesses for the state were permitted to testify that they had been in said building on numerous occasions and purchased intoxicating liquors in less quantities than a quart at a time during the period covered by the prosecution in this case. It is evident then that such statement in said affidavit that no such sales were made as testified to by the witnesses for the state was a material statement of fact which the prosecutor would be required to admit if

he desired to avoid a continuance of the cause. *Powers* v. *State* (1881), 80 Ind. 77.

In the case of the *State* v. *Jones* (1916), 185 Ind. 234, 237, 113 N. E. 755, 756, the court said: "When a continuance is sought in a criminal case on the ground of an absent witness, the statute requires that the affidavit shall state the facts to which such witness will testify and that affiant believes such facts to be true. These are material parts of the affidavit. §2089 Burns 1914, Acts 1905 p. 631. If the state desires to avoid the continuance, it must admit that the facts stated in the affidavit as the evidence of the absent witness are true. §2089 Burns 1914, *supra.* If such admission is made by the state, it cannot offer evidence to dispute such fact or to impeach the credibility of the absent witness. *Powers* v. *State* (1881), 80 Ind. 77."

The appellee insists that it was wholly within the discretion of the trial court to sustain appellant's motion for a continuance or to overrule it, and that such action of the court would not be error, because it would not be an abuse of the judicial discretion allowed the trial court in such cases, and cites in support of such contention *Detro* v. *State* (1853), 4 Ind. 200, 202; *Connors* v. *State* (1915), 183 Ind. 618, 622, 109 N. E. 757. These cases do not support appellee's contention. In the case of *Detro* v. *State, supra,* a motion by the defendant for continuance, on account of absent witnesses, was overruled, because the affidavit did not sufficiently state the facts which defendant expected to prove by the absent witnesses. In the case of *Connors* v. *State, supra,* the defendant prepared an affidavit and motion for continuance conforming to §2089 Burns 1914, *supra,* and the court held that a sufficient showing was made to entitle defendant to a continuance, and that the overruling of his motion was reversible error. The court said in that case: "This motion is in conformity with §2089 Burns

1914, Acts 1905 p. 584, §218. The motion for a continuance on application of the defendant in a criminal case is a matter in the sound discretion of the trial court, and its conclusion will not be disturbed unless it is shown that the court has abused its discretion. We are of the opinion that the facts set forth in the motion entitled appellant to a continuance and the court's refusal to grant the same was reversible error."

It will be observed that the decision that the court abused its discretion is based upon the fact that the affidavit for a continuance was in conformity
2. with §2089 Burns 1914, *supra*. In other words, if the defendant in his affidavit showed all that the statute required of him, no discretion of the court, no misjudgment, no misapprehension of the facts stated, could deprive him of a continuance. *Pettit* v. *State* (1893), 135 Ind. 393, 406, 34 N. E. 1118. Whenever a defendant brings himself within the requirements of the statute, he can demand a continuance, as a matter of right. *Weaver* v. *State* (1899), 154 Ind. 1, 3, 55 N. E. 858; *Morris* v. *State* (1886), 104 Ind. 457, 4 N. E. 148. The trial court, having held that the affidavit for a continuance was legally sufficient, was bound to grant a continuance unless the prosecuting attorney would admit the truth of *all* the material facts which the defendant in his affidavit for a continuance alleged that he could prove by the absent witnesses. This admission the prosecuting attorney refused to make, and the court, refusing to require him to do so, refused a continuance. This was error, requiring a reversal of the cause.

Judgment reversed, with instructions to the court to grant a new trial.

NOTE.—Reported in 121 N. E. 659. Witnesses, absence, grounds for continuance, generally, 122 Am. St. 745.