TAIT *v*. STATE OF INDIANA.

[No. 0-720. Filed March 25, 1965. Rehearing denied June 11, 1965.]

*Ernest Tait, pro se.*

*John J. Dillon,* Attorney General, *Carl E. Van Dorn,* Assistant Attorney General, for respondent.

MYERS, J.—Petitioner, Ernest Tait, was convicted of breaking and entering a building of Coca Cola Bottling Company, Inc., in Crawfordsville, Indiana, with intent to commit a felony after a jury trial in the Montgomery Circuit Court of Montgomery County, Indiana. On April 20, 1961, his motion for new trial was overruled and he was sentenced from one to ten years in the Indiana State Prison. His cause was appealed to the Indiana Supreme Court which confirmed his conviction on March 13, 1963. *Tait* v. *State* (1963), 244 Ind. 35, 188 N. E. 2d 537.

Throughout these proceedings, petitioner was represented by counsel of his choice, who prepared and tried his case in the trial court and presented his appeal to the Indiana Supreme Court.

On May 29, 1964, petitioner, acting for himself, filed a petition for a writ of certiorari to the Montgomery Circuit Court, and also filed a motion with the Supreme Court of Indiana for leave to file a petition for writ of certiorari under Supreme Court Rule 2-40A wherein he asked the Supreme Court to

appoint the Public Defender of Indiana to represent him in all proceedings in this court relative to the petition for writ of certiorari filed herein on the ground that he was now a pauper.

The State of Indiana, as respondent, was given thirty days within which to file a response to this petition. On June 24, 1964, the Attorney General entered a special appearance and requested an extension of time for filing a response, stating as a reason therefor that the State was unable to respond until the court determined the petitioner should proceed pro se or with the assistance of the State's Public Defender. Petitioner filed his opposition to the extension of time which had been granted by this court. This was overruled, and, by order of this court dated July 9, 1964, the Public Defender of Indiana was ordered to take further proceedings in behalf of petitioner or show cause why he should not represent him.

On August 14, 1964, the Public Defender filed his response in which he set forth the petition for writ of certiorari filed herein to review an order of the Montgomery Circuit Court denying petitioner a belated motion for new trial on April 1, 1964, certain correspondence between the Public Defender and the petitioner, together with reasons why the Public Defender found no merit in the proceedings and refused to represent petitioner.

So far as the record is concerned, the Attorney General's office has filed nothing further in these proceedings.

On January 22, 1965, petitioner filed what is designated as a "Petition to Advance and Rule Under Authority Supra [sic] Ct., Rule 2-26 & 1-3." It is addressed to the members of the Supreme Court and generally asks for an order of discharge from custody of the State Prison by reason of the Attorney

General's failure to file any kind of answer to the petition filed. He further alleges that he has never received a copy of the Public Defender's response to the court and so is unable to answer by reply brief. Consequently, he says that he has been deprived of his constitutional rights, due process of law under Art. 1, §12, of the Constitution of Indiana, and the 14th Amendment of the United States Constitution.

The Supreme Court Rules under which petitioner is proceeding were promulgated in 1963. Rule 2-40 abolishes actions for writs of coram nobis in criminal cases and declares the remedy shall be obtained solely by motion for new trial to be filed within the regular time limits. Permission may be granted to file belated motions for new trial where the moving party first obtains knowledge of an alleged ground after the time within which a motion for new trial may be filed. Facts must be alleged and sworn to specifically setting forth why such ground was not discovered before by the exercise of due diligence. The Attorney General and Prosecuting Attorney shall be given notice of the filing of the petition and thirty days' time within which to answer same. If the belated motion for new trial is filed in forma pauperis, the Public Defender for Indiana must represent the petitioner subject to the provisions of Rule 2-40A.

According to Rule 2-40A, all rulings on petitions to file belated appeals, petitions to file belated motions for new trial and rulings on belated motions for new trial may be reviewed only on petition for writ of certiorari in the Supreme Court of Indiana. This petition shall specify the grounds therefor, and a copy shall be served on the Attorney General, who shall file a response thereto under oath. The Public Defender has the duty of representing indigent persons who are inmates of penal institutions in the

State after their time for regular or timely appeal has expired if requested to do so. If he should refuse to do so, a citation may be issued against him to show cause why he does not represent petitioner, and he must file a response thereto which becomes a part of the record. It is then up to the court to determine if an order should issue requiring the Public Defender to represent petitioner. Other provisions of the rule pertain to the filing of briefs and giving this court authority to grant the writ if there are meritorious grounds for a review of the trial court's action, permitting it to make such orders as may be appropriate.

In his petition for writ of certiorari, petitioner alleges that he filed a belated motion for new trial pursuant to the above rules in the Montgomery Circuit Court on January 10, 1964. Therein he stated that there was newly-discovered evidence not known or available at the time of trial, which if known and available would have materially changed the verdict of the jury. Attached to the petition as an exhibit was an affidavit signed by a person designated as Leo Grant Kissinger, an inmate of the Indiana State Prison, who stated therein that he would be willing to testify on behalf of petitioner in court and that: "It is my wish that Tait, Ernest, be absolved of any complicity of a crime of which I and another are alone responsible for, without his knowledge." This is the substance of the affidavit.

The petition alleged that there was error in that petitioner was charged in two counts with (1) Burglary of Safe and (2) Second Degree Burglary, but was found guilty of entering to commit a felony; that the sentence imposed was for a term of one to ten years, while the penalty for second degree burglary is a sentence of two to five years; that the offense

of entering to commit a felony is not a lesser included offense as embraced in the charge of second degree burglary. The petition further alleged that there were differences in the evidence as presented in the trial court which would prove he did not commit the offense charged against him.

The petition was denied by the trial court on April 1, 1964, and the petition for writ of certiorari followed as filed in this court. The matters presented therein are substantially to the effect that petitioner has been denied due process of law with particular emphasis on the instruction which was given by the court to the effect that entering to commit a felony was a lesser offense embraced by Count 2 of the affidavit charging burglary in the second degree.

In the proceedings of this case before the trial court, petitioner tried to obtain a continuance two days before trial in order to get the testimony of one John Martin Young, who, it was alleged, would testify that petitioner did not participate in the burglary. We upheld the trial court's decision in denying this motion on the ground that it did not state sufficient facts to sustain the burden of establishing diligence for failure to file the affidavit at an earlier date as required by the rules.

Now we are presented with a statement that one Leo Grant Kissinger would testify on behalf of petitioner and absolve him from any complicity in the crime for which he was charged and convicted. Kissinger had been charged, tried and convicted of safe burglary and automobile banditry which occurred on May 7, 1960, in Columbus, Indiana. On appeal, his conviction was affirmed by this court. *Blume* v. *State* (1963), 244 Ind. 121, 189 N. E. 2d 568. His affidavit could not support a cause for new trial, even if filed in time, because it is entirely devoid

of facts showing that petitioner did not commit the crime or that Kissinger did commit the crime. It only states a conclusion that petitioner be absolved from any complicity "of a crime" (our emphasis) for which affiant and another were responsible. It cannot even be inferred that the "crime" was the one charged against petitioner. Furthermore, there is no averment that this newly-discovered evidence could not have been obtained with due diligence on the part of petitioner. The Montgomery Circuit Court committed no error in rejecting this claim.

In proceedings following the trial of this cause, petitioner claimed error in his motion for new trial that the court's instructions did not include possible verdict as to burglary in the third degree being an included lesser offense. We followed case law and held that third degree burglary is not a lesser included offense under the charge of entering to commit a felony and supported the trial court in its refusal to give such an instruction.

Now, petitioner claims error in giving Court's Instruction (No. 28) that entering to commit a felony is a lesser included offense under Count 2 of the affidavit which charged burglary in the second degree. He also claims that the verdict is not sustained by sufficient evidence and is contrary to law. These are matters which were presented or should have been presented to the trial court on motion for new trial. They cannot be submitted to the trial court again on the grounds of a belated motion for new trial. If the trial court ruled against him on stated grounds, he is barred. If he failed to present other grounds, he is subject to waiver. In either event, he cannot complain for he had his day in court. The rule pertaining to belated motions for new trial must be considered in the light of writs of error coram

nobis. They provided relief from unconscionable judgments involving errors of fact, and not of law, which did not appear of record. 6 West's Ind. Law Ency., *Coram Nobis*, §2, page 371. So, the purpose of a belated motion for new trial is not to authorize a court to review and revise its opinions on matters which are based on facts already adjudicated, but to consider new elements which could affect the judgment materially if they had been brought before the court at the time of trial, providing, of course, there was no negligence or lack of diligence on the part of the party affected.

We find the Public Defender for Indiana was justified in refusing to represent petitioner, and that the Montgomery Circuit Court committed no error in overruling the belated motion for new trial.

Petition for writ of certiorari denied.

Arterburn, C. J., and Landis, J., concur.

Jackson, J., concurs in result.

Achor, J., not participating.

ON REHEARING

MYERS, J.—This matter comes to us on a petition for rehearing in regard to a denial of petition for writ of certiorari. *See Tait v. State* (1965), 246 Ind. 570, 205 N. E. 2d 317. Originally, petitioner was convicted of the crime of entering to commit a felony which we affirmed in *Tait* v. *State* (1963), 244 Ind. 35, 188 N. E. 2d 537. Then petitioner proceeded to file a belated motion for new trial in the Montgomery Circuit Court on January 10, 1964. This was denied and the petition for writ of certiorari was filed with this court to review the Montgomery Circuit Court's ruling.

In the belated motion for new trial, petitioner alleged that he had newly-discovered evidence which he attempted to support by an affidavit. He further alleged that he had been denied due process of law,

particularly emphasizing an instruction which the trial court had given to the effect that entering to commit a felony is a lesser and included offense in a charge of second-degree burglary. We found the allegation in regard to newly-discovered evidence to be insufficient, and we further ruled that other questions, such as those pertaining to instructions, should have been included in a motion for new trial.

Now, in his petition for rehearing, petitioner again argues that he has been denied due process of law in that entering to commit a felony is not an included offense under a charge of second-degree burglary and that, therefore, he has been convicted of a crime with which he was not charged.

Since the petitioner has not presented anything which merits our consideration and simply attempts to re-argue issues which we already have passed on, the petition for rehearing should be denied.

Petition for rehearing denied.

Jackson, C. J., and Achor, Arterburn and Landis, JJ., concur.

NOTE.—Reported in 205 N. E. 2d 317. Rehearing denied 207 N. E. 2d 815.