Bruce Edward WALKER, Appellant,

v.

STATE of Indiana, Appellee.

No. 183S6.

Supreme Court of Indiana.

Dec. 17, 1984.

William F. Thomas, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Child Molesting, a Class B felony. The jury also found appellant to be an habitual criminal. He was sentenced to fifty (50) years of imprisonment.

The facts are: Appellant approached a group of children at a community center. He told the children he would pay them $20 to assist him in locating his lost daughter.

Appellant sent two of the children in one direction and led the third, A.A., to a deserted area. An old mattress was at that location. Appellant forced A.A. to sit on the mattress. Appellant then began to show A.A. pictures from a pornographic book. Appellant then forced A.A. to pull down her pants, and appellant placed his penis in her vagina. Shortly thereafter A.A. was permitted to dress and leave. She returned to her parents who called the authorities and took A.A. to the hospital.

At the hospital the victim was given the customary rape tests and treated. The parties, by stipulation, agreed the test results indicated the following: a redness in the area of the vulva; no bruising or laceration of the vulva; the hymen was still intact; and the tests for sperm and seminal fluid were negative.

A.A. later went to the police station where she identified appellant through the use of photographs the police had on file. The victim also identified appellant at trial as the man who had raped her.

Appellant first argues the court erred when it denied his motion for a continuance due to the absence of a material witness. Five days prior to trial, the court conducted a pretrial hearing. The principle subject of the hearing was appellant's motion for a continuance. The motion was premised on the absence of two material witnesses. One was the doctor who examined A.A. at the hospital. The parties agreed to the stipulation recited above concerning the doctor's testimony.

The second absent witness was George Stamps. Appellant presented an alibi defense. Appellant alleged Stamps could corroborate appellant's testimony as to his location for a portion of the day in question. Appellant's counsel indicated, at the hearing, that there was an ongoing search for Stamps being conducted by a local police agency. Although the agency could not promise they would locate Stamps, the agency was still following leads and believed they could locate the witness in the next several days. Apparently Stamps was avoiding the police due to prior difficulties with the law.

The granting of a continuance due to the absence of a material witness is governed by Ind.Code § 35-1-26-1 (repealed by Indiana Acts 1981, P.L. 298, Sec. 9) (recodified as Ind.Code § 35-36-7-1) (West 1984 Supp.). The statute provides:

"A motion by the defendant to postpone the trial on account of the absence of evidence can be made only on affidavit showing materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it, and where the evidence may be; and if the postponement be asked on account of an absent witness, the affidavit must show the name and residence of the witness, if known, and *the probability of procuring his testimony within a reasonable time. The affidavit must further show that the absence of such witness has not been procured by the act or connivance of the defendant, nor by others at his request,* nor with his knowledge and consent, *and what facts he believes the wit-*

*ness will testify to, and that he believes them to be true,* and *that he is unable to prove such facts by any other witness whose testimony can be as readily procured.* If, thereupon, the prosecuting attorney will admit that the witness, if present, will testify to the facts which the defendant in his affidavit for continuance alleges that he can prove by the absent witness, or if the evidence be written or documentary, that such documentary evidence exists, the trial shall not be postponed for that cause." (Emphasis added.)

Appellant's Verified Motion for Continuance stated:

"Comes now the defendant, Bruce Walker, by counsel, and says that:

1. The trial of this cause is set for trial by jury on July 12, 1982, at 9:00 A.M.

2. It is anticipated that trial will take approximately two to three days to try.

3. Defendant has discovered that two material witnesses will be unavailable at the trial of this cause, both of which witnesses are necessary to the defense of this defendant, and their attendance has been diligently sought, as is more fully shown by the Affidavit of counsel for defendant attached hereto and made a part hereof.

4. Defendant has not previously requested a continuance in this cause."

Appellant's Verified Affidavit stated:

"Comes now David D. Fairman, and being duly sworn upon his oath deposes and says that:

1. Defendant is intending to call at the trial of this cause two witnesses, to-wit: Dr. E.C. Young and George Stamps.

\* \* \* \* \* \*

"3. Defendant has been attempting to obtain the whereabouts of George Stamps for approximately the six months last past, and was advised by Detective London of the Hancock County Sheriffs' Department that he believed that Mr. Stamps could be found.

4. However, in a telephone conversation on July 6, 1982, Detective London advised counsel that it would be at least several more days before all leads to Mr. Stamps were found.

\*　　\*　　\*　　\*　　\*　　\*

"6. Mr. George Stamps is an alibi witness for defendant and can account for defendant's time and activities from approximately 10:00 A.M. to 4:30 P.M. on September 12, 1981, therefore, said witness is an essential alibi witness herein.

7. No amount of additional diligence on the part of defendant or his counsel would have secured the attendant of these witnesses, and this Affidavit is not made for the purpose of unnecessary delay."

■ These documents fail to provide four statutorily required assertions; that the witness can be found within a reasonable time; that the absence of the witness is not the result of connivance of the appellant or been procured by the appellant; that he believes the statements to be given by the absent witness to be true; and that he cannot prove these same facts by any available witness. The failure of appellant's motion and affidavit to conform with the statute results in the trial court's decision being reviewed from the standard of an abuse of discretion. *Dillon v. State,* (1983) Ind., 448 N.E.2d 21.

Appellant argues he was entitled to a continuance as a matter of right or, in the alternative, that the court abused its discretion in denying the continuance. The "as a matter of right" argument is based upon *Blume v. State,* (1963) 244 Ind. 121, 189 N.E.2d 568 and *Torphy v. State,* (1919) 188 Ind. 30, 121 N.E. 659. A footnote in *Blume* cites to *Torphy* for authority to the proposition that a legally sufficient affidavit for continuance on the account of the absence of a material witness gives the defendant an absolute right to a continuance if the prosecutor refuses to admit all the material and relevant facts the accused alleges he could prove by the testimony of the absent witness. *Blume, supra* at 124, 189 N.E.2d at 570 n. 1.

■ We first note appellant has not filed a legally sufficient affidavit. Assuming *arguendo* the affidavit is sufficient, the appellant has misconstrued the law. The prosecutor is required, in order to avoid the continuance, to stipulate the absent witness would testify in the manner outlined in the affidavit. The prosecutor is not required to admit these statements are true. *See Church v. State,* (1984) Ind., 471 N.E.2d 306. The determination of truth is in the hands of the trier of fact. Appellant was not entitled to a continuance as a matter of right.

■ As to appellant's alternative argument, we find no abuse of discretion. The likelihood of the absent witness being found was remote. The witness had not been located in six months of searching. The police only had leads which would take days to resolve. Appellant testified as to his whereabouts on the day in question. The testimony of the witness would have corroborated appellant's testimony; however, the jury was not denied the opportunity to consider appellant's explanation of the events of that day.

Lastly, the State had a number of small children, who had been the victim of similar attacks by the appellant, prepared to testify. While the trial date was still five days away and the victims were not in court at that moment, the trial court had every justification to consider the effect of a delay on these children. We find no abuse of discretion.

■ Appellant's second issue concerns the trial court's admission of State's exhibits 3, 7 and 17. These consisted of photographs the police had on file which A.A. had used to initially identify appellant. These photographs are what are commonly called "mug shots". The photographs consisted of frontal views of appellant. A piece of cardboard had been firmly affixed in a manner so as to cover the chain and identification board. These photographs, along with others taken at the time of appellant's arrest, were introduced at trial to show a change in appearance of appel-

lant from the time of arrest until the time of trial.

Appellant argues the photographs would leave no doubt of a prior criminal history, and that their use was unnecessary in light of the introduction of the photographs taken at the time of arrest. Appellant cites *Strong v. State*, (1982) Ind., 435 N.E.2d 969. However, the case at bar differs from *Strong*, in that in *Strong* the attempt by the State to cover-up the lower portion of the photographs was minimal. Here, the State covered the lower portion of the photographs in an effective manner. The instant case is more analogous to the case of *Gray v. State*, (1978) 268 Ind. 177, 374 N.E.2d 518, where this Court held that the trial court had done everything possible to minimize any prejudicial effect of the photographs.

In the case at bar, the photographs became very important because the appellant had greatly altered his appearance from the time of his arrest to the time of trial, and was directly challenging the four children who were witnesses against him as to their ability to identify him. It was extremely important that the State be able to demonstrate how appellant's appearance had changed during the interim.

■ Appellant argues the court erred when it refused to give his tendered jury instruction regarding a lesser included offense. Appellant was charged by way of an information with a violation of Ind.Code § 35–42–4–3(a) which states in pertinent part:

> "A person who, with a child under twelve (12) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a Class B felony. However, the offense is a Class A felony if it is committed by using or threatening the use of deadly force, or while armed with a deadly weapon."

Appellant sought a jury instruction based upon Ind.Code § 35–42–4–3(b) being a lesser included offense of subsection (a). Subsection (b) provides:

> "A person who, with a child under twelve (12) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Class C felony. However, the offense is a Class A felony if it is committed by using or threatening the use of deadly force, or while armed with a deadly weapon."

Appellant maintains the trial evidence raises a serious question of whether intercourse or deviate sexual conduct, required elements of (a), were present in the case at bar. He cites to the stipulated evidence and the court's jury instruction on the degree of penetration necessary for the act of intercourse as evidence of this serious question.

We do not agree. This Court follows a two-step analysis to determine whether it was appropriate to give an instruction on a lesser included offense. *See Scrivener v. State,* (1982) Ind., 441 N.E.2d 954. Appellant has failed the second step of the test. Appellant offered an alibi defense. His claim was not that intercourse did not occur, but that the victim misidentified him. Appellant was not entitled to an instruction on the lesser included offense. The trial court did not err.

The trial court is in all things affirmed.

All Justices concur.