Patrick VAUGHN, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S02–9204–CR–270.

Supreme Court of Indiana.

April 14, 1992.

Monica Foster, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Wendy Stone Messer, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This cause comes to us on a petition to transfer from the Second District Court of Appeals. Following a jury trial, appellant, Patrick Vaughn, was convicted of burglary, I.C. 35–43–2–1, a Class B felony; theft, I.C. 35–43–4–2, a Class D felony; and forgery, I.C. 35–43–5–2, a Class C felony. At a second phase of this trial, pursuant to I.C. 35–50–2–8 appellant was found to be an habitual offender based on two prior unrelated felony convictions. Appellant received sentences resulting in a total period of imprisonment of fifty-four years.

In an unpublished opinion, (1990) Ind., 562 N.E.2d 66, the Court of Appeals affirmed appellant's convictions and corresponding sentences. Appellant now brings this petition to transfer asserting that the

Court of Appeals erred in failing to find that the trial court abused its discretion both in denying appellant's motion for a continuance and in its decision to have appellant appear in court to be identified by witnesses while shackled and gagged. Our resolution of the first issue makes it unnecessary to consider appellant's second argument. For the reasons set forth below, we now grant transfer and reverse.

The facts adduced at trial were as follows: Owen Saltsbauer returned on the evening of September 12, 1987, and discovered that his home had been broken into. Saltsbauer testified that, among other things, cash and three hundred dollars in traveler's checks were taken from his home. Saltsbauer also stated that a window had been broken and used as the point of entry. Appellant's fingerprints were found on a piece of this broken glass lying outside Saltsbauer's home.

A cashier at Preston Safeway, testified that appellant, accompanied by two women and a baby, cashed two traveler's checks in the store on the evening of September 18, 1987. The traveler's checks bore the alleged signature of Owen Saltsbauer. According to the cashier, appellant came into the store to cash traveler's checks on two different occasions that evening. The cashier called her manager upon finding out that appellant had no identification. She stated that one of the women accompanying appellant identified herself as appellant's sister and presented a Preston Safeway check cashing card. Eventually, the store manager okayed both of the traveler's checks for use in the store.

On November 18, 1987, Detective Thomas Bray of the Indianapolis Police Department presented the cashier with two separate photo arrays. From these photo arrays, she identified appellant and appellant's sister, Beverly Vaughn, as the persons who cashed Owen Saltsbauer's stolen traveler's checks.

On October 17, 1988, a first trial ended with a hung jury. On December 1, 1988, at a second trial, a jury returned its verdicts finding appellant guilty on all three counts. The Court of Appeals affirmed.

■ Appellant claims in this appeal that the trial court committed error when refusing to grant his request for a continuance so that he could procure the live testimony of his sole defense witness. Beverly Vaughn, appellant's sister, testified at appellant's first trial, which resulted in a mistrial. Beverly stated that she and appellant never cashed traveler's checks at the Preston Safeway. She testified that the cashier probably recognized her because she frequently cashed her work checks at the store.

At the time of the second trial, however, Beverly was unable to travel to the courtroom to testify as she was in labor. This medical condition was verified by her doctor who informed the court that any travel could be hazardous to Beverly's health and her baby's health. Appellant sought a continuance so that Beverly's testimony could be presented live. The trial court denied appellant's motion for a continuance, made orally, and an audiotape of Beverly Vaughn's testimony from appellant's first trial was played to the jury.

■ It is well settled in Indiana that where a defense motion for a continuance is made because of the absence of a material witness or other material evidence and that motion satisfies the special statutory criteria for such motions as established by I.C. 35–36–7–1, and the prosecuting attorney refuses to admit that the absent witness would testify as alleged, or that the absent evidence exists in the form alleged, then that motion should be granted. *Walker v. State* (1984), Ind., 471 N.E.2d 1089; *Blume v. State* (1963), 244 Ind. 121, 189 N.E.2d 568; *Torphy v. State* (1919), 188 Ind. 30, 121 N.E. 659. Other motions for continuance are in the purely discretionary category. Trial Rule 53.5; *Works v. State* (1977), 266 Ind. 250, 362 N.E.2d 144. In ruling upon the latter type motion, the trial court should give heed to the diverse interests of the opponent of the motion which would be adversely impacted by altering the schedule of events as requested in the motion, and give heed as well to the diverse interests of the movant to be beneficially impacted by altering the schedule. *Bedgood v. State* (1985), Ind., 477 N.E.2d 869.

On appeal, the ruling upon the latter type motion is given considerable deference, reviewable only for an abuse of discretion. The basis for a reversal of the ruling must include a determination of resulting prejudice. *King v. State* (1973), 260 Ind. 422, 296 N.E.2d 113.

In the present case, appellant's motion for a continuance did not conform to the special statutory requirements and therefore is governed here by the highly deferential standard. Whether the trial court properly exercised its authority includes a review of whether the competing interests of the parties were properly evaluated and compared, and if not, whether prejudice to the movant from maintaining the schedule of events occurred. *Bedgood*, 477 N.E.2d 869.

The State initially opposed appellant's motion for continuance on the ground that no evidence or testimony had been introduced to verify Beverly Vaughn's medical condition. This opposition failed when Beverly's doctor verified her medical condition as he informed the court that any travel would be dangerous to Beverly's health and the baby's health. The State then argued that because Beverly's testimony from the first trial was available, an audiotape of that testimony could be played to the jury rather than delaying the trial until she could be present in person. In addition, the prosecutor argued a continuance was inappropriate as appellant should have been prepared for such an eventuality, and thus should have prepared a videotaped deposition of Beverly Vaughn's testimony. Finally, the prosecutor expressed his desire in getting on with the trial so that the elderly victim, Owen Saltsbauer, could testify in the morning before the lunch break.

The defense made its motion for the continuance on the morning of trial. The lateness of the motion is detrimental to the defense. *Miller v. State* (1971), 256 Ind. 296, 268 N.E.2d 299. To mitigate the lateness factor, defense counsel represented that he had subpoenaed Beverly Vaughn and had first become aware of her condition on the morning of trial. At the time the request was made, prospective jurors had not yet been questioned. No investment in the courtroom jury selection process would be lost by granting the motion. The medical condition causing Beverly Vaughn's absence was not one that, in all likelihood, would result in an unduly lengthy or indefinite delay. Further, her presence at a later trial would not have been difficult to insure as she is a lifelong resident of Indianapolis. Her willingness to testify is exemplified by her appearance and testimony at appellant's first trial.

The crucial importance of Beverly Vaughn's testimony to appellant's defense is evident. Beverly Vaughn was appellant's only defense witness. She is a material witness in that the cashier testified that Beverly was present when appellant cashed the traveler's checks. Beverly's testimony is in direct conflict with the cashier's testimony. Beverly provided live testimony at appellant's first trial, and that trial resulted in a mistrial. When a jury had the fullest opportunity to judge her credibility and demeanor as a witness, the jury did not convict despite the State's fingerprint evidence; when the jury was restrained in its ability to judge her credibility and demeanor due to the presentation of her testimony via audio tape, a jury convicted. There is prejudice to the defense to be gleaned from this set of circumstances.

This Court does now conclude that the basis for the motion to reschedule the trial, i.e., to permit the defense witness Beverly Vaughn to personally appear at trial and to give her live testimony before the jury, clearly predominates over the basis for the opposition to the motion presented by the prosecution, and that prejudice to appellant's defense followed at the trial. The trial court's ruling on the motion constituted error.

Accordingly, we now grant transfer and reverse these convictions. This cause is now remanded for a new trial or further consistent proceedings.

SHEPARD, C.J., and DICKSON and KRAHULIK, JJ., concur.

GIVAN, J., would deny transfer.