**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 05 2012, 8:28 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DONALD J. BERGER**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANN L. GOODWIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DONYEA FOWLER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1104-CR-170 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable John M. Marnocha, Judge
Cause No. 71D03-1007-FD-699
Cause No. 71D03-0407-FB-094

**January 5, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Donyea Fowler ("Fowler") appeals his conviction for Receiving Stolen Property, as a Class D felony,[1] and consequent revocation of probation. We affirm.

**Issue**

Fowler raises two issues for our review, one of which we find dispositive and restate as: whether the trial court abused its discretion when it denied Fowler's motion for a continuance that he filed the day before trial.[2]

**Facts and Procedural History**

On July 20, 2010, at around 2:00 p.m., Daniel Sosa ("Sosa") observed a gold sport utility vehicle (SUV) park in front of a house on Arnold Street in South Bend, Indiana. Two men, later identified as Fowler and Justin Johnson ("Johnson"), exited the vehicle and walked down an alley. When they re-emerged, the men made a phone call, and the SUV picked them up.

Sosa was suspicious of this activity because his home had recently been burglarized and he knew of several other recent daytime burglaries in the neighborhood. He got into his car, drove near the men, and observed them loading large coils of wire into the SUV. The wire was later identified to be buried and aerial cable that belonged to AT&T and was worth

---

[1] Ind. Code § 35-43-4-2(b).

[2] Fowler's second issue concerns the revocation of his probation. His argument on this issue is that "if this Court finds that the Defendant did not receive stolen property…then in fact he did not violate the terms of his probation." Appellant's Br. p. 7. As we explain below, we conclude that the trial court did not abuse its discretion in denying Fowler's continuance and that it did not otherwise commit reversible error. Consequently, we find no error in the trial court's decision to revoke his probation.

approximately $1000.

Sosa drove around the block and called the police. South Bend Police Corporal Greg Early ("Corporal Early") responded to the call, and when he arrived at the area of Arnold Street, he noticed a gold SUV approaching a stoplight. Corporal Early followed the SUV through the intersection, pulled behind it, and activated his emergency red and blue lights to perform a traffic stop. The SUV eventually pulled over, and Corporal Early exited his vehicle and ordered the occupants to put their hands up. When Corporal Early got close to the vehicle, the driver, later identified to be LaShawn Logan ("Logan"), put his hands back on the wheel and drove off.

Corporal Early notified dispatch that he was in vehicle pursuit. He followed the SUV until it stopped whereupon Logan jumped out of the driver's seat and fled on foot. Corporal Early gave chase and eventually apprehended Logan. When Corporal Early returned to the SUV, Fowler and Johnson were sitting on the ground in handcuffs. Marijuana was found in the SUV.

Corporal Early read Fowler his Miranda rights. Fowler explained that Johnson had already stolen the wire, and that when they went down the alley to retrieve it, it was already on the ground. Fowler claimed that he only helped load the wire into the SUV.

On July 22, 2010, the State charged Fowler with Possession of Marijuana, as a Class A misdemeanor,[3] and Receiving Stolen Property, as a Class D felony. Fowler was on

[3] I.C. § 35-48-4-11.

3

probation when the State filed its charging information,[4] so on August 3, 2010, the State also petitioned to have Fowler's probation revoked. On August 4, 2010, the State filed a motion seeking a single judge assignment for the cases against Fowler, Johnson, and Logan, as well as the petition to revoke Fowler's probation. That motion was granted on August 5, 2010.

Fowler's trial was scheduled to occur on November 10, 2010, but he apparently failed to appear.[5] His trial was rescheduled for January 20, 2011. On January 15, 2011, Fowler filed a motion for a continuance because he intended to call Johnson as a witness, but Johnson was unavailable and there was an active bench warrant for his arrest. The motion was set for hearing on January 18, 2011, and was granted. Fowler's trial was rescheduled for February 24, 2011.

On February 23, 2011, the day before trial, Fowler filed another motion for a continuance based upon Johnson's continued unavailability. The trial court considered the motion before Fowler's trial, but denied it. The trial then proceeded over two days, and at its conclusion, the jury found Fowler guilty of Receiving Stolen Property, and not guilty of Possession of Marijuana.

The trial court then directly proceeded to consideration of the State's petition to revoke Fowler's probation. The court took judicial notice of the jury verdict and the

---

[4] On June 15, 2005, Fowler was sentenced to eight years in the Indiana Department of Correction, with two years suspended and two years on probation, for Class B felony Burglary. His probation period was to run from March 8, 2010 until March 8, 2012.

[5] A chronological case summary was not included in the Appellant's appendix, but the record includes an "Order of Bench Warrant" dated November 10, 2010 stating that the defendant had failed to appear for trial. App. 117.

judgment of conviction that had just been entered, and found that Fowler had violated the terms of his probation. On March 23, 2011, the trial court held a sentencing hearing and sentenced Fowler to two years in the Department of Correction, and ordered he serve it consecutively to the remainder of his 2005 sentence.

This appeal followed.

**Discussion and Decision**

Fowler argues that the trial court erred by denying his second motion for a continuance based upon Johnson's absence. Where a defense motion for a continuance is made because of the absence of a material witness, the motion satisfies the special statutory criteria in Indiana Code section 35-36-7-1, and the prosecutor refuses to admit that the absent witness would testify as alleged, then that motion should be granted. Vaughn v. State, 590 N.E.2d 134, 135 (Ind. 1992). Other motions that do not meet the statutory criteria for continuance are at the pure discretion of the trial court. Id. (citing, inter alia, Ind. Tr. R. 53.5). Fowler does not contend that his motion for a continuance met the special statutory criteria and we therefore review it as a discretionary motion for continuance.

In ruling on such discretionary motions, the trial court should give heed to the diverse interests of the opponent of the motion that would be adversely impacted by altering the schedule of events as requested by the motion, and give heed as well to the diverse interests of the movant to be beneficially impacted by altering the schedule. Id. On appeal, the trial court's decision is given great deference, reviewable only for an abuse of discretion. Id. An abuse of discretion occurs where the decision is clearly against the logic and effect of the

5

facts and circumstances before the trial court. Tolliver v. State, 922 N.E.2d 1272, 1281 (Ind. Ct. App. 2010), trans. denied. The basis for a reversal of the trial court's ruling must include a determination of resulting prejudice. Vaughn, 590 N.E.2d at 136.

Every defendant has a fundamental right to present witnesses in his own defense. Tolliver, 922 N.E.2d at 1281. At the same time, while the right to present witnesses is of utmost importance, it is not absolute. Id. The accused, as well as the State, must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence. Id.

Fowler's original trial date was November 10, 2010. He failed to appear and the trial court had to issue a bench warrant for his arrest. His trial date also had to be rescheduled, thus causing inconvenience for the State. Five days before his rescheduled trial, Fowler filed a motion for a continuance based upon Johnson's absence. This motion was granted, and Fowler's trial was again rescheduled. On the eve of the second rescheduled trial, Fowler filed the instant motion for a continuance, again based upon Johnson's absence. Fowler's attorney acknowledged that he was unaware of Johnson's location. He had not even subpoenaed Johnson for the January and February trial dates; rather, it was the State who subpoenaed him.

Johnson's previous absences indicated his unwillingness to appear, and, given that he had already pled guilty in this case but fled, the trial court was reasonable in concluding that Johnson would not soon appear if another continuance was granted. We further observe that even though Fowler presented no witnesses on his behalf, he was permitted to introduce

6

certified records of Logan's and Johnson's convictions for, among other offenses, Receiving Stolen Property in this case. Under these circumstances, we find no abuse of the trial court's discretion to deny Fowler's motion for a continuance.

Affirmed.

BAKER, J., and DARDEN, J., concur.