No. 14,697.

THE CEREALINE MANUFACTURING COMPANY *v.* BICK-
FORD ET AL.

CONTINUANCE.—*Judicial Discretion.*—*Reversal of Judgment.*—While grant-
ing or refusing a continuance on account of an absent witness is a legal
question, it necessarily involves much of judicial discretion, and the
Supreme Court will reverse only where it appears that such discretion
has been abused to the injury of the complaining party.

From the Bartholomew Circuit Court.

*S. Stansifer* and *C. S. Baker*, for appellant.

*J. C. Orr*, for appellees.

MILLER, J.—The appellees sued the appellant on account.
Answer that the goods were warranted, and that there had
been a breach of the warranty ; also a paragraph of counter-
claim was filed by the appellant against the appellees, count-
ing upon the breach of warranty, and asking an affirmative
judgment for a large sum.

The action was commenced August 23d, 1887, and, having
been regularly set for trial at the May term, 1888, was con-
tinued, on affidavit and motion filed by the appellant, on ac-
count of the absence of Joseph F. Gent. On the 1st day of Oc-
tober, 1888, the appellant applied for a second continuance
on the account of the continued absence of Gent, and in
support of the motion filed the affidavit of Richard Thomas,
which is, in substance, as follows :

That the affiant is the secretary of the defendant company,
and, in the absence of Joseph F. Gent, vice-president and
secretary, is its acting superintendent; that the defendant
can not safely go to trial without Gent. After showing that
Gent was a competent and material witness, whose presence
both as a witness and as a party having exclusive knowledge
of the facts of the defence was absolutely necessary to a
proper defence, it states the reasons for his absence, and ef-
forts to procure his attendance, in the following language :

" When said case was set down for trial at the last term of this court, defendant caused a summons to be issued for and served upon said Gent as a witness for defendant, and it was his purpose to put defendant's attorneys in advance of the trial in possession of the details of the defence, and to be at the trial for the purpose before indicated, but he did not so advise said attorneys, as affiant is informed by them, or any one else connected with the defendant company, and he was absent, and the case was continued on account thereof. His then failure in respect to the attorneys, and his then and continued absence, were and are because of the facts following : Owing to serious impairment of his health, disease of his heart, said Gent, shortly before the time set for trial at the last term, was ordered by his physician, Dr. Hammond, of New York city, where said Gent frequently was on business of defendant company, and for treatment, to go to Carlsbad, a health resort in Bohemia, for treatment, as soon as he could reasonably leave, and said Gent directed the agent of defendant company to procure passage on a steamer for Europe leaving after said day set for trial; but a few days before said time said agent telegraphed said Gent that, owing to the throng of outgoing passengers, passage could not be engaged earlier than in September of this year, but that he had purchased from a passenger on a steamer to leave on the 2d day of June, 1888, his fare-ticket and berth, and he left Columbus on 27th day of May, 1888, and took passage on said steamer, intending, and as defendant believed he would, to return by the first of September, 1888.   When said telegram was received and his purpose to leave made known to defendant, there was not time to give notice and take his deposition, even if such deposition would have answered the purpose of the defence, which it would not, for reasons before stated, and, hurried as he was in making preparations to leave, he had not time or opportunity to put defendant's attorneys, or other person, in possession of the data, in detail, of the defendant's side of the case.   Said Gent remained

at Carlsbad until he went, under the direction of his physician there, to Ragutz, a health resort in Switzerland, and under like orders from there he went under like advice to Weisbaden, in Germany, and the last heard from him by letter was of date September 11th, 1888, from Elberfeld, in Prussia, in which he wrote that his health was fully restored, and that he expected to start home very soon. In the letter he stated that he would telegraph when he started. On the 25th day of September, 1888, affiant received a cablegram from said Gent at Bremen, Germany, saying that he would sail for home on the 29th of September, 1888. Affiant says that he is thoroughly satisfied and believes truly that said Gent has not absented himself on account of this case, but was actuated solely by health consideration; affiant expects and fully believes that said Gent will arrive home before the next term of this court, and that he will be able to and will take charge of and conduct said case and be present at the trial to aid, assist and testify."

In addition to this affidavit, that of defendant's attorneys was filed, in which it is stated, that, " In so far as it relates to the failure of Gent to impart to them the details of the defence it is true; and, further, they say that, from their knowledge of said Gent as an expert machinist, and from their general knowledge of the case, the presence, aid and assistance of said Gent, as well as his testimony, is absolutely necessary for a proper presentation of defendant's side of the case."

The motion for a continuance was overruled and excepted to, the cause tried and a judgment for the full amount of the plaintiff's claim rendered. The action of the court in refusing to continue the cause is the only question in the record.

The appellant contends that a showing was made by these affidavits entitling the appellant to a continuance, upon either of the following grounds:

*First.* Treating Gent as a mere witness, for the reason

that he was not at any time after his departure, before the first continuance, within the jurisdiction of the court; and that the facts set forth in the affidavits show that further diligence was impractical.

*Second.* Treating Gent not only as an ordinary witness, but also as possessed of peculiar knowledge, information and technical skill, which rendered his personal presence, aid and assistance at the trial absolutely necessary, it was an abuse of discretion to refuse a continuance.

*Third.* That the presence of Gent was of more importance at the trial of the cause than is that of a party ordinarily, and that, therefore, his sickness entitled the defendant to a continuance.

The affidavit makes a sufficient showing of the importance to the defendant of the presence of Gent as a witness, and also as an officer of the corporation having peculiar knowledge of the defence, to have entitled it to a continuance, if sufficient diligence is shown to obtain his presence, or in lieu thereof, his evidence and advice as to the conduct and management of the trial.

The record discloses the fact that the suit was commenced August 23d, 1887. We may presume that the absent witness, who was the vice-president and superintendent, as well as the skilled mechanic of the company, was present during the year which elapsed before his departure for Europe. The record informs us that during this time the issues in the case were made up and thus attention called to the nature of the proposed defence. No excuse is given for the failure of this superior officer of the corporation, during this long period of time, to properly advise the defendant's attorneys of the facts within his knowledge. The company is chargeable with the consequences of his negligence. His negligence is also that of the company. The fact that Gent was the vice-president and superintendent of the company, and that the company is chargeable with his neglect and omissions, must be taken into consideration in every aspect of the case,

The Cerealine Manufacturing Company *v.* Bickford *et al.*

whether we consider him as a mere witness, as an expert, or as standing for the company as the adviser of its attorneys. When viewed in this light, we think it appears that the court did not err in refusing to grant a second continuance of the cause.

It does not appear that any effort was made by Gent to return from Europe in time to be present at the trial of the cause. It appears from the affidavit that his health was fully restored on September 11th, 1888; how long prior to that does not appear, and the omission is to be construed against the appellant. Assuming, however, that it was only restored at that date, he might, so far as is shown in the affidavit, have returned by the ordinary modes of travel in time to have been present at the trial. His failure to start home when fully restored to health is neither explained nor excused.

The fact that the trial of the cause had been once continued on account of his absence, and that the time was approaching for another trial, should have been an incentive to diligence. And the fact that this was a second application for a continuance on account of the absence of the same witness was a circumstance to be considered by the court in ruling upon this question. *Breedlove* v. *Bundy,* 96 Ind. 319; *Peck* v. *Parchen,* 52 Iowa, 46.

Had the court granted a continuance we would not, probably, have reversed its decision. While granting or refusing a continuance on account of an absent witness is a legal question, yet it has been said that it " necessarily involves much of judicial discretion." *Boone* v. *Mitchell,* 33 Iowa, 45. And we can only reverse where it appears that such discretion has been abused to the injury of the complaining party.

Judgment affirmed.

Filed Sept. 22, 1891.