## CONNORS v. STATE OF INDIANA.

[No. 22,794.   Filed October 14, 1915.]

1. CRIMINAL LAW.—*Trial.—Continuance.*—The ruling on a motion for a continuance in a criminal case is a matter within the sound discretion of the trial court, and will not be disturbed on appeal except an abuse of such discretion is shown.   p. 622.

2. CRIMINAL LAW.—*Trial.—Continuance.—Refusal of Application.*—Where defendant was arrested on March 19, and confined in jail until March 29, charged with burglary, and on the latter date his case was set for trial on April 1, and on the day fixed for the trial he was assigned counsel who prepared an affidavit and motion for continuance conforming to §2089 Burns 1914, Acts 1905 p. 584, §218, setting forth facts to show the absence of a witness whose testimony would show that defendant was not at the scene of the alleged crime, that he could not locate such witness until the date fixed for trial, etc., that he could not then go to trial on account of the absence of such witness and because of a lack of money or credit with which to procure counsel and prepare his defense, and that if the cause were continued until the next term he could prepare his defense and procure the attendance of such witness, etc., a sufficient showing was made and the overruling of his motion was reversible error.   p. 622.

From Jackson Circuit Court; *Oren O. Swails,* Judge.

Prosecution by the State of Indiana against William Connors. From a judgment of conviction, the defendant appeals. *Reversed.*

*Seba A. Barnes,* for appellant.

*Richard M. Milburn,* Attorney-General, *Marshall Noolery, Horace M. Kean, Leslie R. Naftzger, Omer S. Jackson, Michael A. Sweeney* and *Wilbur T. Gruber,* for the State.

ERWIN, J.—This was a prosecution for burglary, alleged to have been committed on March 19, 1915. Appellant was arrested on March 19, and confined in jail until March 29.

On March 25, 1915, the same being the twenty-second day of March term of said court, the prosecuting attorney filed an affidavit charging appellant, with others, with the crime of burglary. On March 29, his case was set for trial for April 1, 1915. On the day on which his trial was to begin he made application to defend as a poor person. The application was granted and appellant was assigned counsel who presented on behalf of his client, a verified motion for a continuance, which motion, omitting formal parts is as follows: "William Connors being duly sworn says that he is one of the defendants in the above entitled cause; that he cannot go to trial on this the first day of April, 1915, or on any day at the present term of this court on account of the absence of Henry Stephens, a competent witness in his behalf and whose evidence is material to his defense. That said witness resides in the city of Louisville in the state of Kentucky, and that said witness is now at Louisville in the state of Kentucky, as affiant is informed and believes. That affiant believes that if said witness were present he would testify to the following facts: That this defendant and said witness were together during all of the day of the 18th of March, 1915, all of the night of said day and all of the night and morning of the 19th day of March, 1915, until about 7 a. m. on the morning of March 19, 1915, and was with affiant at the identical time the storehouse of John T. Glasson is alleged and claimed to have been robbed on the morning of March 19, 1915, or the night of March 18, 1915, and that this affiant did not in any manner know of or participate in the entry into said John T. Glasson's storehouse as alleged in the affidavit herein, for the purpose of committing a felony or for any other purpose whatever; that this affiant was at the time said store is alleged to have been entered and burglarized, on said date with said witness, and were at said time at least three miles from Reddington, Jackson County, Indiana, and at least three miles away from said storehouse, and that this affiant had no knowledge that said storehouse

was to be entered and burglarized, or that it had been entered and burglarized until many hours after the said crime charged herein had been committed; that this affiant had no knowledge of or connection with the entering and burglarizing of said storehouse or store as charged in the affidavit herein, and that affiant is not in any manner guilty of the crime charged against him herein, and that he is wholly innocent of said crime, of entering said store and of burglarizing said store as charged herein. That affiant believes said facts to which said witness would testify, if present, are true and that he is unable to prove said facts by any other witness whose testimony can be as readily procured. That the absence of said witness has not been procured by the act or connivance of this defendant, nor by any other person at his request, nor with his knowledge or consent. That this affiant was arrested on the morning of the 19th day of March, 1915, and at all times since has been and still is confined in jail and by reason of such confinement in jail he has been unable to locate said witness and to learn his whereabouts until this the 1st day of April, 1915, that said witness immediately on the morning of March 19, 1915, left the State of Indiana, and his whereabouts was unknown to this affiant and could not be learned by him until now when he makes this affidavit, and affiant says that he is now, and has ever since his arrest, been unable to take the deposition of said witness for the reason that he did not know where said witness could be found, and he did not and could not issue and have issued a subpoena for said witness because he did not know and could not learn his whereabouts until this the time of making this affidavit, and he further says that at this time he can not on this day and at this term enforce the attendance of said witness because he is now temporarily out of the State and beyond the jurisdiction and process of this court, that affiant had no reason to expect and did not expect the trial of the case against him on the affidavit herein to be fixed

for a day of the present term of this court, and he further says that the trial of his cause for this day was not set and fixed until on March 29, 1915, and that on said last mentioned date his trial was set and fixed for this the first day of April, 1915, over his objection and protest and against his desire and wishes, and that prior to said 29th day of March, 1915, he had no knowledge, notice, expectation or belief that his cause would be set for trial at the present term of this court and in the short time allowed him since the setting of this cause, he has been unable to locate said witness in time to procure his attendance at the present term of this court, and unable to take his deposition, and unable to properly get ready or prepare his defense or get ready for trial of this cause; that he is without money, means or credit to employ counsel to defend and advise him at the present term of this court, but that if the trial of his case be continued until the next term of this court, he believes and alleges the fact to be that he can procure money and funds wherewith to employ counsel to defend him and can thereby secure a fair trial and be accorded the due protection of the law.    That said absent witness is over the age of twenty-one years and is in every respect a qualified witness, and affiant does not make this affidavit to secure delay but only for the purposes of securing justice and a fair trial.    That if the trial of this cause be postponed until the next term of this honorable court, affiant can procure the attendance of said absent witness and can procure the testimony of said witness as hereinbefore set out and affiant says that if said witness does not attend at the next term of this court he can and will procure the deposition of said witness before the next term of this court and affiant says that at and during the next term of this court said witness will be within the State of Indiana and within the jurisdiction and process of this court as affiant is informed and believes.    Wherefore he prays that this cause may be continued until the next term of this court.''    This motion

is in conformity with §2089 Burns 1914, Acts 1905 p. 584, §218.

The motion for a continuance on application of the defendant in a criminal case is a matter in the sound discretion of the trial court, and its conclusion will not

1. be disturbed unless it is shown that the court has abused its discretion. We are of the opinion that the facts set forth in the motion entitled appellant to a

2. continuance and that the court's refusal to grant the same was reversible error. Judgment reversed with instructions to the court to grant a new trial.

The clerk of this court is directed to give tne proper notice to the warden ·of the penitentiary at Michigan City for the return of appellant to the custody of the sheriff of Jackson County.

˙OTE.—Reported in 109 N. E. 757. When parties to a civil action art entitled to a continuance, see 74 Am. Dec. 141. See, also, under (1) 12 Cyc. 898; (2) 9 Cyc. 172.