## DIETZ *v.* STATE OF INDIANA.

[No. 13,580.   Filed March 29, 1929.]

*Walter G. Mead, Evan B. Stotsenburg, John H. Weathers* and *Sherman Minton,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Arnet B. Cronk,* for the State.

NICHOLS, J.—Appellant was convicted on an affidavit charging him with unlawfully transporting a quantity of intoxicating liquor, to wit, white-mule whisky, over and upon a certain public highway in Polk township, Washington county, Indiana. From the judgment, after his motion for a new trial was overruled, he appealed, presenting that the court erred in overruling his motion for a new trial.   It appears by the record that on October 14, 1924, being in the October

term, appellant's motion for a new trial was overruled. On October 17, 1924, judgment was rendered on the verdict of the jury, at which time appellant was granted ninety days in which to prepare and tender his general bill of exceptions containing the evidence. As the leave to file a bill of exceptions was not given until three days after the motion for a new trial was overruled, it was without authority and void, for the reason that the court can only grant such leave at the time and in the manner provided by statute, which was at the time that the motion for a new trial was overruled, §2330 Burns 1926. As the bill of exceptions was not filed or presented within the term, and not until January 13, 1925, being in the January term, it is not in the record, and the evidence it purports to contain is not before us. *Rose* v. *State* (1909), 171 Ind. 662, 87 N. E. 103, 17 Ann. Cas. 228. Without the evidence, we cannot say that there was any reversible error in the giving of the instructions.

Affirmed.