### ROSE v. STATE OF INDIANA

[No. 27,561. Filed October 7, 1941. Rehearing waived October 10, 1941.]

*Paul Haywood* and *George E. Jackson,* both of Bloomfield, for appellant.

*George N. Beamer,* Attorney General, and *John R. Walsh,* Deputy Attorney General, for the State.

ROLL, J.—Appellant was prosecuted by a grand jury indictment returned in the Greene Circuit Court charging John M. Rose, appellant herein, with the crime of murder in the second degree.

To this indictment the defendant entered a plea of not guilty. The issues were submitted to a jury for trial and a verdict was returned finding the defendant guilty of manslaughter; that the defendant was seventy-six years of age, and that he be imprisoned in the state prison for a period of not less than two years nor more than twenty-one years.

Appellant filed his motion for a new trial which was overruled and judgment was entered on the verdict and the defendant was sentenced to the Indiana State Prison in accordance with the verdict.

The record discloses that the cause was set for trial on January 2, 1941. The prosecuting attorney filed a motion for a continuance on the grounds that he had been elected as prosecuting attorney for Greene County at the November election 1940, and assumed the duties of his office January 1, 1941, and that he would not have time to prepare the case for trial, and asked for a reasonable extension of time in which to prepare for trial for said cause.

The court granted this motion and continued said cause until the 19th day of February, 1941. Appellant assigns this as error.

Application for a continuance is addressed to the sound discretion of the court, and will not be reviewed on appeal unless it is made to appear that the court abused that discretion to the injury of the complaining party. No such abuse is shown by the record. *Cerealine Manufacturing Company* v. *Bickford* (1891), 129 Ind. 236; *Wheeler* v. *State* (1902), 158 Ind. 687, 63 N. E. 975; *Connors* v. *State* (1915), 183 Ind. 618, 109 N. E. 757.

Appellant relies upon § 9-1402, Burns' 1933, § 2238, Baldwin's 1934, and contends that this statute does not

authorize a continuance under the facts set out in the petition. This statute is not in point for the reason that the provision of this statute applies only when a postponement is asked on the grounds of an absent witness. There was no error in granting the State a continuance of this case.

All the other errors assigned by appellant require a consideration of the evidence. The record before us discloses that appellant's motion for a new trial was overruled on the 12th day of March 1941, the same being the twenty-first judicial day of the February term of the Greene Circuit Court. That on the 13th day of March, 1941, the same being the twenty-second judicial day of the February term of said court, the defendant was sentenced in accordance with the verdict, and we quote from page 79 of the record: "And now the defendant prays an appeal to the Supreme Court of Indiana which appeal is granted, and ninety days are given the defendant in which to file bill of exceptions." No time was asked to file bill of exceptions on the 12th day of March, 1941, at the time the motion for a new trial was overruled. The record further discloses that the bill of exceptions was presented to the court on the 6th day of June, 1941, on which day the same was signed and filed with the clerk. This court takes judicial notice of the terms of court in the 63d judicial circuit; that June 6, 1941, was the 29th judicial day of the May term of said court. § 4-332, Burns' 1933, § 1415-1, Baldwin's 1934, Acts 1911, ch. 13, p. 25.

Under the provisions of § 9-2103, Burns' 1933, § 2315, Baldwin's 1934, "The party objecting to a decision must except thereto at the time the decision is made; but he may reduce such exception or exceptions to writing at any time during the term, or, by

leave of the court, within such time thereafter as the court may allow." Under the above provision of the statute it has been many times decided by this court that where a bill of exceptions containing the evidence is to be filed after the term, leave therefor must be given by the court at the time of the ruling of the motion for a new trial. *Bass* v. *State* (1919), 188 Ind. 21, 120 N. E. 657; *Rose* v. *State* (1909), 171 Ind. 662, 87 N. E. 103; *Meyers* v. *State* (1904), 163 Ind. 345, 71 N. E. 957.

In *Deitz* v. *State* (1929), 89 Ind. App. 45, 46, 165 N. E. 770, that court said, "As the leave to file a bill of exceptions was not given until three days after the motion for a new trial was overruled, it was without authority and void, for the reason that the court can only grant such leave at the time and in the manner provided by statute, which was at the time that the motion for a new trial was overruled . . ."

Many additional authorities to this proposition could be cited, but this rule has been so consistently adhered to that additional authority is unnecessary. Since appellant did not ask time to file bill of exceptions at the time the motion for a new trial was overruled and did not present his bill of exceptions to the judge during the term of court at which said motion was overruled, the purported bill of exceptions is not properly in the record. As appellant's bill of exceptions is not in the record and all questions attempted to be presented require a consideration of the evidence, no question involving a consideration of the evidence is presented on appeal.

We have considered all propositions presented for our consideration and find no reversible error.

Judgment affirmed.

NOTE.—Reported in 36 N. E. (2d) 767.