CHARLES E. GREGORY *v.* STATE OF INDIANA.

[No. 1170S286.  Filed September 7, 1972.]

*J. Gordon Gibbs, Jr.*, of Danville, for appellant.

*Theodore L. Sendak*, Attorney General, *Stephen D. Clase*, Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted in a trial by jury of Involuntary Manslaughter (1956 Repl. Burns Ind. Stat. Ann. § 10-3405, Acts of 1941, ch. 148, § 2, p. 447, IC 1971, 35-13-4-2). His motion to correct errors presents four assignments:

(1) Error in denying his motion for a directed verdict based upon the sufficiency of the evidence;

(2) Misconduct by the prosecutor by referring to a four year old boy who was also killed in the accident, when the defendant was not charged with the boy's death;

(3) Error in granting a continuance to permit the production of an absent witness;

(4) Error in permitting two witnesses to testify, over his objection, the names of said witnesses not having been included upon the State's list of witnesses furnished pursuant to the order of the court.

Defendant was charged with causing the death of Loretta Pack who died of injuries sustained in an automobile accident. Specifically, it was charged that the accident was caused by the defendant's driving his automobile southwardly in the northbound traffic lane of Interstate Road No. 465 while under the influence of intoxicating liquors.

(1) Upon the issue of sufficiency of the evidence, this Court will consider only that evidence most favorable to the State, together with all logical and reasonable inferences which may be drawn therefrom. *Pinkerton* v. *State* (1972), 258 Ind. 610, 283 N. E. 2d 376; *Fuller* v. *State* (1971), 256 Ind. 681, 271 N. E. 2d 720; *Gibson* v. *State* (1971), 257 Ind. 23, 271 N. E. 2d 706.

The conviction will be affirmed if, from that viewpoint, there is substantial evidence of probative value from which the trier

of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Pinkerton* v. *State, supra; Fuller* v. *State, supra; Gibson* v. *State, supra.*

Defendant contends that the evidence, being entirely circumstantial, failed to exclude every reasonable hypothesis of innocence. We disagree. The evidence clearly established that the vehicle in which the victim was riding was traveling northwardly in the northbound lane, that her vehicle collided head-on with one owned by the defendant, that the defendant was found by the investigating officer alone and in the driver's seat of his vehicle moments after the collision. The investigating officer testified that the defendant smelled of alcohol and that in his opinion, based upon his observation of the defendant at the scene, the defendant was intoxicated. The defendant admitted that he had consumed some alcoholic drinks earlier in the evening, that on the way home, after having had these drinks, he pulled off the road to sleep and that the next thing he remembered was the collision. Upon these facts it cannot be said as a matter of law, that the evidence was insufficient. Convictions may be had on circumstantial evidence alone. *Coleman* v. *State* (1971), 257 Ind. 439, 275 N. E. 2d 786; *Martin* v. *State* (1968), 250 Ind. 519, 237 N. E. 2d 371; *Hardesty* v. *State* (1968), 249 Ind. 518, 231 N. E. 2d 510.

We are aware of no reason why this rule should not apply to convictions of involuntary manslaughter.

(2) Defendant's basis for his charges of misconduct are grounded upon references in the testimony to the death of a small boy, also killed in the accident. While the investigating officer was testifying generally about the accident, he was asked if the boy exhibited any signs of life. The court sustained the defendant's objection and admonished the jury. The boy's grandfather testified without objection from the defendant, about the boy's presence in the vehicle at the time of the accident. Later, the boy's grandmother was asked, upon direct examination, if she had seen

either of the two deceased people after the accident. The defendant's objection was sustained, but his motion for a mistrial was overruled. The granting of a motion for a mistrial rests largely in the discretion of the trial court. *Bonds* v. *State* (1972), 258 Ind. 241, 280 N. E. 2d 313; *White* v. *State* (1971), 257 Ind. 64, 272 N. E. 2d 312; *Duke* v. *State* (1968), 249 Ind. 466, 233 N. E. 2d 159.

We see nothing so prejudicial in the circumstances leading to the motion for a mistrial as to compel the trial court to grant it. Further, in view of the other evidence in this case, it would be difficult to say that the judgment was influenced materially by the disclosure of the boy's death.

(3) Upon the State's motion the court granted a continuance during the trial, from 10:15 a.m. until 1:30 p.m. to await the arrival of a witness whose name had not been endorsed upon the indictment. The defendant cites Burns Ind. Stat. Ann. § 9-1402, Acts of 1905, ch. 169, § 219, p. 584; Acts of 1927, ch. 132, § 12, p. 411 to support his proposition that the court had no authority to grant such a continuance. The statute, in pertinent part, is as follows:

> "Whenever the prosecuting attorney desires to obtain a postponement of the trial of a criminal cause on account of the absence of any witness whose name is indorsed on the indictment or affidavit, such continuance shall be granted on his official statement in manner and form as specified in the preceding sections; but the defendant may require the same to be in writing. If the defendant will admit that the witness will testify to the facts which the prosecutor states he expects to prove, or, if the evidence be documentary, that such documentary evidence exists, the trial shall not be postponed for that cause."

This statute merely compels a continuance under the circumstances provided. In no way does it purport to restrict the board discretionary powers of the court in such area. In *Rose* v. *State* (1941), 219 Ind. 44, 46-47, 36 N. E. 2d 767 this Court said

"Application for a continuance is addressed to the sound discretion of the court, and will not be reviewed on appeal unless it is made to appear that the court abused that discretion to the injury of the complaining party. No such abuse is shown by the record. *Cerealine Manufacturing Company* v. *Bickford* (1891), 129 Ind. 236; *Wheeler* v. *State* (1902), 158 Ind. 687, 63 N. E. 975; *Connors* v. *State* (1915), 183 Ind. 618, 109 N. E. 757.

Appellant relies upon § 9-1402, Burns' 1933, § 2238, Baldwin's 1934, and contends that this statute does not authorize a continuance under the facts set out in the petition. This statute is not in point for the reason that the provision of this statute applies only when a postponement is asked on the grounds of an absent witness. There was no error in granting the State a continuance of this case." 219 Ind. at 46, 47.

(4) With reference to Defendant's fourth assignment, we summarily disregard the contention with respect to the testimony of Dr. Gillespie, because the record discloses no objection. It is a principle of long standing that to be available on review, the error must have been timely presented at the trial stage. *Zupp* v. *State* (1972), 258 Ind. 625, 283 N. E. 2d 540; *Johnson* v. *State* (1972), 257 Ind. 682, 278 N. E. 2d 577; *Wilson* v. *State* (1970), 253 Ind. 585, 255 N. E. 2d 817.

Defendant had moved for and the court had ordered the State to provide him with a list of witnesses. By inadvertence, the State omitted the name of Dr. Petty, who had performed the autopsy upon the decedent. When Dr. Petty was called, the defendant objected to his being permitted to testify, contending that he had been misled and surprised. He here cites *Johns* v. *State* (1968), 251 Ind. 172, 240 N. E. 2d 60 in support of his assignment that the trial court erred in permitting the witness to testify. In that case we said:

"There is no doubt that appellant, by failing to move for a continuance when the witnesses were called, failed to pursue his proper remedy. However, this Court cannot, and should not, look with equanimity upon a blatant disregard of a court's order by the State in a criminal pro-

ceeding, particularly where the defendant's life is at stake. Had the State, prior to trial, sought a rehearing on defendant's motion, or made a good showing of inability to comply with the order, it would not now be in a position of having deliberately disobeyed the order of the trial court. We agree with appellant's counsel in their argument that it is fundamentally a denial of due process of law as guaranteed by the Fifth and Fourteenth Amednments to the Constitution of the United States to lead a defendant to believe that he has been afforded the right of discovery, and then permit the State of Indiana, in violation of an order of court, to present, during its case in chief, surprise witnesses whose testimony substantially added to the weight of the State's case." 251 Ind. at 180.

It will be noted that the *Johns* decision, although reversing the trial court, specified that the appellant's remedy was to move for a continuance. It is clear that the reversal was imposed as sanctions, both for the blatant disregard for the court's order to disclose the names of witnesses and for improper issuance of the search warrant. Here the defendant has disclosed no such blatant conduct but merely honest error which the prosecutor attempted to rectify three days prior to trial. His efforts miscarried through the defense counsel's understandable failure to comprehend the significance of the information imparted, but we see no indication of a deliberate attempt to thwart the discovery or mislead the defendant. We, therefore, hold that his remedy was to ask for a continuance when the witness was called. *Pinkerton* v. *State, supra; Luckett* v. *State* (1972), 259 Ind. 174, 284 N. E. 2d 738.

We see no merit to Defendant's argument that the trial judge precluded such a motion. During the discussion upon the question of whether or not Dr. Petty should be permitted to testify, the trial prosecutor suggested a continuance for the defendant's benefit, and the judge commented, "A continuance doesn't help you." At the time the judge made the above remark he had direct reference to the *Johns* case and whether or not it specifically precluded the questioned testimony. In no way can the statement be interpreted as meaning

that the court would not grant a motion for a continuance, if made by the defendant.

Affirmed.

DeBruler, Givan and Hunter, JJ., concur. Arterburn, C.J., concurs with opinion.

### CONCURRING OPINION

ARTERBURN, C.J.—I concur in this opinion, but wish to add that I feel that if there were any error in this case it was the attempted exclusion of the fact that a small boy was killed at the same time in the same accident.

It is well settled that all the surrounding circumstances are part of the res gestae of an accident and are admissible. I therefore conclude that it would have been improper for the trial court to have excluded evidence relating to such pertinent matters. The simultaneous death of the boy is a part of the circumstances from which the jury may draw conclusions as to the extent of the accident.

Givan, J., concurs.

NOTE.—Reported in 286 N. E. 2d 666.