WILLIAM D. GUYTON v. STATE OF INDIANA.

[No. 2-1072A92. Filed July 19, 1973. Rehearing denied August 22, 1973.]

*Robert J. Fink, Haymaker, Hirsch & Fink,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

SULLIVAN, J.—Defendant-appellant William D. Guyton appeals from a first degree arson conviction by the trial court sitting without a jury.

Guyton argues that testimonial conclusions from an arson investigator were erroneously admitted into evidence in that sufficient expertise was not established to qualify the witness as an expert. He assigns as further error the overruling of his motion for mistrial after the court had stricken from the record reference to a "confession" obtained in contravention of the *Miranda* doctrine. He concludes his argument by claiming that the evidence was insufficient to sustain the conviction.

When viewed most favorably to the State, the evidence discloses that:

Guyton resided in an Indianapolis apartment shared with his girlfriend. He was seen arguing heatedly with the girlfriend approximately one half hour before the fire on the afternoon of February 23, 1972. At that time he was heard to state "I will burn you out." Ten minutes before the fire was discovered, Guyton was seen by the caretaker of the apartments walking in the direction of Guyton's apartment at the rear of the building. Fifteen minutes after the fire was discovered in Guyton's apartment, Guyton returned to the scene with a bundle of clothes in his arms and asked what was going on.

Lt. Edward Rogers, an Indianapolis Fire Department arson investigator, testified that he arrived at the apartment just after the fire had been extinguished. Rogers found in his investigation that a heavy odor of flammable liquid remained after the fire. Rogers found two empty fuel oil cans in the kitchen, where the fire had apparently originated. All electrical outlets were functional, the damage occurred away from the outlets, and the charring which occurred was characteristic of a fire with a rapid heat buildup. Rogers on these grounds eliminated the possibility of an electrical malfunction. It was his opinion that the fire had been deliberately set.

Guyton presented no evidence on his own behalf and the trial court found him guilty of first degree arson and sentenced him to an indeterminate term of from 2 to 14 years imprisonment.

## EXPERT OPINION PROPERTY ADMITTED

Guyton complains that the court committed error in allowing Rogers to give his opinion as to the source of the fire.

The determination of the expertise of a witness is within the discretion of the trial court. *State* v. *Vaughan* (1962), 243 Ind. 221, 184 N.E.2d 143; *McCraney* v. *Kuechenberg* (1969), 144 Ind. App. 629, 248 N.E.2d 171. Rogers had been a fireman for eight years, the past three years having been attached to the arson squad. He had attended and received certificates from two one-week arson investigation seminars, and testified to receiving on the job training with the Fire Department. Since joining the Arson Squad, Rogers had investigated 150 fires.

Following the testimony with respect to Rogers' qualifications, the prosecution attempted to evince his opinion as to whether the fire had been deliberately set. Guyton objected that there was an insufficient foundation to qualify Rogers to give a professional opinion. The court stated:

"*Court:* We are going to sustain the objection at this time as to any opinion he might have. You may elicit further evidence as to what he saw."

The State proceeded to introduce photographs of the burned apartment into evidence, and elicited the testimony relating to the two oil cans found at the scene.

When the State again asked Rogers for his opinion, the court overruled the defense objection and allowed Rogers to state that in his opinion it had been deliberately set.

It is well established "that the question as to whether a witness is qualified as an expert is one for the determination of the trial court based upon the testimony of the witness. *Pettit* v. *State* (1972), 258 Ind. 409, 281 N.E.2d 807, 30 Ind. Dec. 486; *Eskridge* v. *State* (1972), 258 Ind. 363, 281 N.E.2d 490, 30 Ind. Dec. 254." *Lineback* v. *State* (1973), 260 Ind. 503, 296 N.E.2d 788.

Guyton alleges that the trial court abused its discretion in finding the requisite expertise, and claims that the court reversed its earlier determination without further showing of Rogers' professional qualifications.

Guyton misinterprets the Court's first ruling with respect to expertise. In effect, two types of foundation must be laid in order to introduce expert testimony. The professional qualifications of the witness must, of course, be established. However, the court must also be satisfied that the witness observed facts sufficient to validly form an opinion. *McCraney* v. *Kuechenberg, supra,* and cases cited therein. The trial court here, in the ruling quoted above held that Rogers "at this time" must confine his testimony to his observations. Once the "observational" foundation was established, the court properly allowed the expert's conclusions.

Neither did the court abuse its discretion in determining that Rogers' expert qualifications were sufficient. An expert

may be qualified by practical experience as well as by formal training. *State* v. *Vaughan, supra; Tomchany* v. *Tomchany* (1962), 134 Ind. App. 27, 185 N.E.2d 301; *Smith* v. *Uniroyal, Inc.* (1970 7th Cir.) 420 F. 2d 438.

## DENIAL OF MISTRIAL MOTION NOT IMPROPER

Guyton alleges that the court erred in not granting a motion for a mistrial made after the following exchange:

"Q. What rights did you warn Mr. Guyton of?

A. After talking to witnesses and talking to Mr. Guyton, I informed Mr. Guyton that he was under arrest and would have to be detained, and at this time Mr. Guyton did admit the fire.

*Mr. Kern:* Now, we move that that be stricken Your Honor.

*Court:* We will sustain your Motion to Strike that part of the answer.

Q. At the time you placed Mr. Guyton under arrest did you tell him he had certain rights?

A. No sir.

Q. Did you at any time tell Mr. Guyton that he had certain rights?

A. In the course of conversation sir I do remember telling Mr. Guyton he had certain rights. We were in a heated conversation.

Q. And what rights were these you told him he had?

A. Sir, thinking back, I remember telling Mr. Guyton that he was under arrest and I did not at that time inform him of the proper rights.

Q. Did you at any time do that?

A. No sir."

It is alleged that the testimony as to the "confession" constituted an "evidentiary harpoon" which could not be cured by striking it from the record. Our Supreme Court in *White* v. *State* (1971), 257 Ind. 64, 272 N.E.2d 312 outlined the factors to be considered in determining whether improper

testimony is adequately cured by striking and admonishing the jury.

It is our opinion that the improper answer relating to the "confession" did not warrant a mistrial for the following reasons. That portion of the answer was not responsive to the question asked by the prosecutor and it is in no way indicated that the State intended to elicit that response. The prosecution made no attempt to follow-up the testimony or to repeat it.

As stated in *King* v. *State* (1973), 155 Ind. App. 361, 292 N.E.2d 843, 846-847:

> "It must be remembered that a trial judge is presumed to know the intricacies and refinements of the rules of evidence and that he sifts the evidence and weighs it in the light of his legal experience and expertise. He is thus able to separate the wheat from the chaff, ignoring the extraneous, the incompetent and the irrelevant and it is only when his judgment has apparently or obviously been infected by erroneously admitted evidence that we will set it aside."

It is our opinion that under the circumstances herein, the motion for mistrial was properly overruled.

## EVIDENCE WAS SUFFICIENT TO
## SUPPORT CONVICTION

Guyton premises his insufficient evidence argument upon the presumption that Lt. Rogers' expert testimony was not to be considered. We have held that the opinion evidence to the effect that the fire was deliberately set was properly admitted.

It is clear that a conviction may be sustained wholly upon circumstantial evidence so long as the evidence is of such probative value that a reasonable inference of guilt may be drawn beyond a reasonable doubt. *Gregory* v. *State* (1972), 259 Ind. 295, 286 N.E.2d 666.

Guyton argues that the proper test for our review as to the sufficiency of circumstantial evidence is whether that evidence

excludes every reasonable hypothesis of the innocence of the defendant.

We recognize that many decisions both of the Court of Appeals and of our Supreme Court have used language seeming to require that a conviction upon circumstantial evidence, to be upheld upon appeal, must exclude every reasonable hypothesis of innocence.

Perhaps such phraseology would lead one to conclude erroneously that different standards exist for appellate review of convictions obtained upon direct evidence as opposed to those resting upon circumstantial evidence. Such is not the case. The sole test in reviewing *any* conviction is whether reasonable persons could conclude beyond a reasonable doubt that the defendant is guilty. To state the test conversely, a reviewing tribunal may not reverse a conviction upon "insufficiency of evidence" unless the appellate authority can say as a matter of law that reasonable persons, whether it be a jury or the trial court in a bench trial, could not from the circumstantial evidence draw reasonable inferences as to each material element of the crime so as to reach a conclusion of guilt beyond reasonable doubt.

As the Supreme Court noted in *White* v. *State* (1948), 226 Ind. 309, 311, 79 N.E.2d 771:

> "It has been held that where reliance is placed on circumstantial evidence, that evidence must be so conclusive in character that it excludes every reasonable hypothesis of the innocence of the accused. It likewise has been held that the above rule is for the guidance of the trial court, and on appeal it is not the duty of this court to weigh the evidence but merely to examine the evidence with a view to determine whether or not there was sufficient evidence to support the verdict of guilty on each of the several elements of the indictment or affidavit. *Henry* v. *State* (1925), 196 Ind. 14, 146 N.E. 822; *Osburn* v. *State* (1905), 164 Ind. 262, 73 N.E. 601. In the recent case of *Mandich* v. *State* (1946), 224 Ind. 209, 213, 66 N.E.2d 69, 70, 71, this court said:

'In the trial court the jury and finally the judge must weigh the evidence with that rule in mind, but in this court a different rule applies. Here, if there is evidence of each essential fact in the chain of circumstances, we cannot weigh that evidence.'

"The Supreme Court will not disturb the judgment of the trial court where the evidence is such that the jury can reasonably draw an inference of guilt."

See also *Ledcke* v. *State* (1973), 260 Ind. 382, 296 N.E.2d 412; *Coach* v. *State* (1968), 250 Ind. 226, 235 N.E.2d 493; *Arrington* v. *State* (1952), 230 Ind. 384, 103 N.E.2d 210.

Thus, a criminal conviction founded upon circumstantial evidence is examined upon the same basis as any other:

"When reviewing an appeal on sufficiency of the evidence, first, it must be remembered that this Court will not weigh the evidence nor determine the credibility of the witnesses. Only that evidence most favorable to the State and the reasonable inferences to be drawn therefrom will be considered. As long as there is substantial evidence of probative value sufficient to establish every material element of the crime beyond a reasonable doubt, the verdict will not be disturbed." *Burton* v. *State* (1973), 260 Ind. 94, 292 N.E.2d 790.

We find herein evidence of probative value sufficient to support the conviction.

Judgment affirmed.

Buchanan, P.J. and White, J., concur.

NOTE.—Reported at 299 N.E.2d 233.