EARKIE PETTIGREW *v*. STATE OF INDIANA.

[No. 2-274A54. Filed May 29, 1975.]

*Arnold Paul Baratz*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *Wesley T. Wilson*, Deputy Attorney General, for appellee.

HOFFMAN, J.—Defendant-appellant Earkie Pettigrew was convicted of possession of heroin and possession of cocaine following a trial before a jury, and was sentenced to imprisonment for two concurrent terms of two to ten years. He timely filed his motion to correct errors, which was overruled, and subsequently perfected this appeal.

Appellant's sole contention on appeal is that there was insufficient evidence adduced at trial to establish his knowledge of the presence of the illicit drugs.

It is to be noted that when questions concerning the sufficiency of evidence are presented on appeal, this court may consider only that evidence which is most favorable to the State, together with all logical and reasonable inferences which may be drawn therefrom. Further, it is not our function to weigh the evidence or determine the credibility of witnesses. *McAfee* v. *State* (1973), 259 Ind. 687, 291 N.E.2d 554. It has been held that a conviction may be

sustained upon circumstantial evidence alone so long as the evidence is of such probative value that an inference of guilt beyond a reasonable doubt may be drawn therefrom. *Gregory* v. *State* (1972), 259 Ind. 295, 286 N.E.2d 666. A conviction which rests in whole or in part upon such evidence will not be reversed unless this court can state as a matter of law that reasonable persons could not form inferences with regard to each material element of the offense so as to ascertain a defendant's guilt beyond a reasonable doubt. *Guyton* v. *State* (1973), 157 Ind. App. 59, 299 N.E.2d 233.

An examination of the evidence most favorable to the State discloses that Pettigrew lived in an apartment in Indianapolis, Marion County, Indiana, with a woman who was a heroin and cocaine addict. On the evening of April 3, 1973, narcotics officers went to the apartment to execute a search warrant.

As one officer approached the rear door of the apartment, he observed Pettigrew and his female companion looking out the kitchen window. This woman testified that at this time she was completing the task of injecting herself with heroin and cocaine. After a moment, they moved away from the window.

As one officer entered the front door of the apartment, he observed Pettigrew in the living room. No drugs were found on Pettigrew's person, and there is no evidence that Pettigrew is an addict. However, two officers testified on rebuttal that when the woman addict was asked "where the stuff was . . .", she replied, "Earkie [Pettigrew] threw it in the waste paper basket."

Appellant correctly asserts that a defendant's knowledge of the presence of contraband must be shown to establish his constructive possession of it. *Corrao* v. *State* (1972), 154 Ind. App. 525, 290 N.E.2d 484. He further asserts that the only evidence before the trial court showing that he had any knowledge of the presence of the drugs was the testimony relating his attempted disposal of

them as the officers entered the apartment, and that such evidence was admissible only for impeachment purposes.

However, as stated hereinabove, the record reveals that one officer observed Pettigrew in the presence of his girlfriend at the time she was injecting herself with heroin and cocaine near a kitchen waste basket wherein drugs were found by the officers. A reasonable inference of appellant's knowledge of the presence of these drugs could have been drawn by the jury from these facts. Accordingly, the element of the offense questioned by appellant was established by sufficient evidence.

The judgment of conviction of the trial court is affirmed.

Affirmed.

Staton, P.J., concurs; Garrard, J., concurs with opinion.

### CONCURRING OPINION

GARRARD, J.—I agree that the judgment of the trial court should be affirmed.

The crucial question, as observed by the majority, is whether the evidence was sufficient to establish Pettigrew's knowledge of the presence of the contraband drugs.

Pettigrew's girl friend testified that Pettigrew disposed of the drugs by putting them in the wastebasket in the kitchen. Pettigrew elected to testify and as a part of his account of the occurrence stated that he had never been in the kitchen during the entire time in question. However, one of the arresting officers had seen him in the kitchen with his girl friend moments before the officers entered the house.

From this sequence of evidence, the jury was able to reasonably infer that Pettigrew was lying about his movements and that the reason for his doing so was occasioned by his guilty knowledge of the presence of the drugs in the kitchen area. See, e.g., *Hinshaw* v. *State* (1897), 147 Ind. 334, 47 N.E. 157; *Perfect* v. *State* (1923), 197 Ind. 401, 141 N.E. 52.

NOTE.—Reported at 328 N.E.2d 236.