George SIZEMORE, Appellant
(Defendant-Below),

v.

STATE of Indiana, Appellee
(Plaintiff-Below).

No. 1–478A90.

Court of Appeals of Indiana,
First District.

July 18, 1979.

Rehearing Denied Aug. 21, 1979.

William C. Erbecker, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Joel Schiff, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

The defendant-appellant is appealing his conviction by a jury of first degree arson. The three issues presented for review are sufficiency of the evidence, error in not granting his motion for a mistrial and error in not allowing defense counsel to read an appellate decision to the jury during closing argument. We find no reversible error.

■ Before addressing the merits of the appeal, we deem it appropriate to comment on the quality of the appellant's brief herein by observing that it gives every appearance of being dictated, typed, coalesced, and filed without the benefit of proofreading or correction.[1] As a result, the work product is sloppy, without syntax in places, difficult to read and understand, and generally detracts from the presentation of the case. The brief generally complies with the letter of Appellate Rules 8.2 and 8.3: however, manifestation of the spirit of those rules eludes detection. Since this problem appears to be of increasing frequency, we issue a caveat to practitioners prone to short cuts that this practice may require rebriefing and thus result in a loss of time and effort.

Prior to a summary of the evidence favorable to the State, it is proper to reiterate our standard of review:

"As we have often stated before, in reviewing the allegation of insufficient evidence this Court will not weigh the evidence nor resolve questions of credibility of witness, but will look to that evidence and the reasonable inferences therefrom which support the verdict of the jury. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which the trier of fact could reasonably infer the existence of each element of the offense beyond a reasonable doubt."

Where the evidence of guilt is essentially circumstantial, the question for the reviewing court is whether reasonable minds could reach the inferences drawn by the jury; if so, there is sufficient evidence.

*Bruce v. State*, (1978) Ind., 375 N.E.2d 1042, 1080 (citations omitted); *see also Guyton v. State*, (1973) 157 Ind.App. 59, 299 N.E.2d 233 (standard of review in circumstantial evidence cases).

The facts as presented by the evidence most favorable to the State are as follows:

On February 14, 1977, at approximately 4:00 p. m., in response to a call, the voluntary fire department of Fruitdale went to the home of George and Dorothy Sizemore in Brown County. Upon reaching the house, the firemen noticed grayish-black smoke coming out from under the eaves. According to evidence presented at trial, black smoke occurs when petroleum products are burned. Also, a person driving by the house several hours before the firemen arrived noticed a little smoke and the odor of fuel oil.

Since no one was at the premises and since the premises were locked, the firemen and a neighbor broke down the front door to get into the house. The fire was brought under control and extinguished, although some damage had been done to the interior. The firemen noticed several peculiar aspects of the fire that suggested arson. First, there was a burn pattern on the living room rug which suggested, (and later analysis showed) that it was a flammable liquid. Another peculiar aspect was that there were several separate fires in the house; that is to say, the fire was not started from a single source. The firemen also noticed that the house seemed sparsely furnished, few clothes were found, and few dishes and silverware were in the kitchen. One other unusual fact was that the furnace had been rigged with a piece of wood to stay on and that the temperature control had been turned up all the way. Suspecting arson, the firemen investigated the outbuildings on the property to see if fires had been set in them also. In the outbuildings, the firemen found good quality furniture, bedding, clothes, family photographs, a console color television set and various canned foods. These items had been placed there so recently they were not even dusty. Records were found in a shed, although the

record covers were found in the house. Also, a melted plastic bottle was found in the house which smelled of gasoline. Several jars were also found around the house, although no flammable liquid was detected in them. Sizemore claimed an alibi of being in court in Indianapolis that afternoon; however, one of his sons who also claimed to be in Indianapolis was seen in a local grocery store at noon the day of the fire.

■ Further investigation revealed that George and Dorothy Sizemore had procured home owners insurance for the first time the previous October on the house and its contents protecting them from loss such as fire and theft. A proof of loss was sent to the company claiming a loss in the amount of $34,000. The itemized list of missing or destroyed items included many of the items found by the firemen in the outbuildings. On the basis of this evidence, George Sizemore was arrested, and found guilty in a trial by jury of first degree arson.

As summarized, the elements of the offense of first degree arson are: (1) that the defendant (2) wilfully set fire or caused, aided, counseled or procured a fire (3) to a dwelling house (4) said home being insured (5) with the intent to defraud the insurance company. *Ind.Code* 35–16–1–1.[2]

The element in contention here is whether it was the defendant who wilfully and maliciously set the fire or caused, aided, counseled or procured the fire with the intent to defraud the insurance company. There is no question that the house was insured and was a dwelling place. There is no question that the fire was wilfully set.

Further, we think there was sufficient evidence presented to show the defendant set, caused, aided, counseled or procured the fire. First, it was the defendant's home. Second, the evidence shows that the firemen had to break into a locked house to gain entry, suggesting that the fire was started by someone who could lock the premises. The lock was of a deadbolt type which could only be locked from the outside with a key. Third, valuables were taken out of the house shortly before the fire and stored in the outbuildings.

■ On the basis of the evidence and under our standard of review of cases involving circumstantial evidence, we believe that the jury could infer that Sizemore either set the fire or caused, aided, counseled, or procured the fire to be set with an intent to defraud the insurance company. Therefore, at least for the reasons asserted by Sizemore, we find no reversible error on this issue.

Sizemore next complains of an "inflammatory" remark of a volunteer fireman, who, in responding to a question of whether he knew Sizemore and had seen him before, stated that Sizemore had another home burn about five years prior to the fire from which this appeal stems. The trial court granted defense counsel's motion to strike, denied a motion for mistrial, admonished the jury to disregard the remark, and instructed the witness to not volunteer information.

■ We perceive Sizemore's argument to be that the remark was a so-called "evidentiary harpoon" which placed him in grave

2. Repealed by Acts 1976, P.L. 148, § 24 effective October 1, 1977.

The statute reads:

Any person who willfully and maliciously sets fire to or burns, or causes the setting of fire to or the burning, or who aids, counsels or procures the setting of fire to or the burning of any dwelling-house, rooming-house, apartment-house or hotel, finished or unfinished, occupied or unoccupied; or any kitchen, shop, barn, stable, garage or other outhouse, or other building that is part or parcel of any dwelling-house, rooming-house, apartment-house or hotel, or belonging to or adjoining thereto, finished or unfinished, occupied or unoccupied, such being the property of another; *or being insured* *against loss or damage by fire and such setting of fire to or burning, or such causing, aiding, counseling or procuring such setting of fire to or such burning being with intent to prejudice or defraud the insurer*; or such setting of fire to or burning or such causing, aiding, counseling or procuring such setting of fire to or such burning being with intent to defeat, prejudice or fraud the present or prospective property rights of his or her spouse, or co-owner, shall be guilty of arson in the first degree and, upon conviction thereof, shall be imprisoned in the state prison not less than five (5) years nor more than twenty (20) years, to which may be added a fine not to exceed two thousand dollars ($2,000). [Emphasis added.].

peril. We cannot see how the remark rises to the significance advocated by Sizemore. The remark carried no connotation of prior criminal misconduct by Sizemore and it was in response to an identification question relating to Sizemore. If error can be imagined, which we doubt, it was cured by the trial judge's instructions to the jury thereby eliminating any question of grave peril. *See, e. g., Bruce v. State, supra.*

Sizemore's last issue asserts error resulting from the trial court sustaining an objection to defense counsel reading from an appellate decision regarding reasonable doubt during closing argument. This contention is disposed of in *Kilgore v. State,* (1976) Ind.App., 354 N.E.2d 254, 256, where Judge Garrard stated:

> Under our constitution it is proper for counsel to argue the law as well as the facts in a criminal case. Accordingly, it is not error for the court to permit counsel to read from appellate decisions or learned treatises *where it is clear that the matter quoted is argument and not evidence.*
>
> On the other hand, the control of final argument is generally a matter within the sound discretion of the trial court. This discretion extends to the reading of "law" to the jury. [Emphasis added, citations omitted.].

Counsel for Sizemore did not preface his reading with any remark that would indicate the quoted material would be argument but, on the contrary, did state that the quote was the law. The trial court, in sustaining the objection, correctly stated to the jury that he would instruct them as to the law. Defense counsel was not in any other way restricted in his argument pertaining to reasonable doubt. An abuse of discretion has not been shown.

Judgment affirmed.

LOWDERMILK, P. J., and LYBROOK, J., concur.